UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MINA SEDAROUS,

       Plaintiff,

v.                                                                           Civil Case No. 2:19-cv-12525
                                                                     Honorable Linda V. Parker

HENRY FORD HEALTH SYSTEM
d/b/a HENRY FORD HOSPITAL,

       Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS (ECF NO. 14)**

      Plaintiff Mina Sedarous initiated this lawsuit against Defendant Henry Ford Health System, averring that Henry Ford Health terminated his employment as a Pharmacy Supervisor because of a wrist injury that impaired his ability to drive to work. In his Complaint, Plaintiff alleges disability discrimination and intentional infliction of emotional distress. (ECF No. 1 at Pg. ID 3-7.) Currently before the Court is Defendant's Motion to Dismiss. (ECF No. 14.) The motion has been fully briefed. (ECF Nos. 17, 19.) For the reasons that follow, the Court grants in part and denies in part Defendant's motion.

1

## BACKGROUND

Henry Ford Health employed Plaintiff as a pharmacist, and later a Pharmacy Supervisor, beginning September 15, 2008 until March 5, 2019.  (ECF No. 1 at Pg. ID 2).  On January 24, 2019, Plaintiff suffered a closed fracture of his right wrist during an accident unrelated to his job duties.  (*Id.*)  Plaintiff alleges that "[t]his injury caused [him] to be unable to perform manual tasks and work; to wit, he could not drive, and this restriction impaired his ability to work."  (*Id.*)  Attached to its reply brief, Henry Ford Health provides a note from a physician that states in relevant part:  "[p]lease allow patient to work remotely from home for the next 3 weeks as much as he can tolerate."  (ECF No. 19 at Pg. ID 110.)

On or about January 28, Plaintiff disclosed his injury and provided "medical documents . . . supporting the limitation on Plaintiff's ability to drive while in recovery" to Henry Ford Health and requested to work from home.  (ECF No. 1 at Pg. ID 2.)  Henry Ford Health denied the request.  (*Id.*)  Plaintiff lodged the same request two weeks later and Henry Ford Health, again, denied it.  (*Id.*)  Two weeks after that, on March 4, Plaintiff requested a medical leave of absence and began using "personal time . . . while simultaneously working from home."  (*Id.* at Pg. ID 2, 4.)  Henry Ford Health verbally discharged Plaintiff effective March 5, "claiming that he had violated [the] terms of his employment."  (*Id.* at Pg. ID 3-4.)

Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission for discrimination and received a right to sue letter. (*Id.*) On August 28, Plaintiff filed a complaint alleging (i) disability discrimination in violation of the Americans with Disabilities Act ("ADA"); (ii) disability discrimination in violation of Michigan's Persons with Disabilities Civil Rights Act ("PDCRA"); and (iii) intentional infliction of emotional distress ("IIED"). (*Id.* at Pg. ID 3-7.)

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption is not applicable to legal conclusions, however. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

## APPLICABLE LAW & ANALYSIS

### Disability Discrimination

"The ADA prohibits employers from discriminating against qualified individuals with disabilities in regard to hiring, advancement, discharge, or other terms, conditions, or privileges of employment." *Manigan v. Sw. Ohio Reg'l Transit Auth.*, 385 F. App'x 472, 475 (6th Cir. 2010) (quoting *Bratten v. SSI Servs., Inc.*, 185 F.3d 625, 632 (6th Cir. 1999)). "[T]he [ADA] . . . and the

PWDCRA share the same purpose and use similar definitions and analyses, and [Michigan state] courts have relied on the ADA in interpreting the PWDCRA." *Anderson v. Detroit Transp. Corp.*, 435 F. Supp.3d 783, 798 (E.D. Mich. 2020) (alterations in original) (quoting *Chiles v. Mach. Shop, Inc.*, 606 N.W.2d 398, 405 (Mich. Ct. App. 1999)).

"To prove a prima facie case of disability discrimination, a plaintiff must show that (1) he is disabled, (2) he is otherwise qualified to perform the essential functions of a position, with or without an accommodation, and (3) he suffered an adverse employment action because of his disability." *Demyanovich v. Cadon Plating & Coatings, L.L.C.*, 747 F.3d 419, 433 (6th Cir. 2014) (citing *Talley v. Family Dollar Stores of Ohio, Inc.*, 542 F.3d 1099, 1105 (6th Cir. 2008)). Here, the parties dispute the first two elements of the disability discrimination claim.

### (A) Is Plaintiff Disabled?

The ADA defines "disability" as: (i) "a physical or mental impairment that substantially limits one or more major life activities," (ii) "a record of such an impairment," or (iii) "being regarded as having such an impairment[.]" 42 U.S.C. § 12102(1)(A)-(C). In the present case, the first and third definitions are at issue.

#### (i) Did Plaintiff Have a Physical Impairment That Substantially Limited One or More Major Life Activities?

Henry Ford Health argues that "the only limitation of activity [Plaintiff] alleges is an inability to drive." (ECF No. 14 at Pg. ID 55.) Henry Ford Health

5

asserts that—contrary to Plaintiff's contention (ECF No. 17 Pg. ID 96)—"[d]riving is *not* a major life activity." (ECF No. 14 at Pg. ID 55 (emphasis in original).)

Plaintiff provides no support for his contention that driving is a major life activity as contemplated by the ADA. Indeed, while the Sixth Circuit has not opined on the issue, other Circuits considering the issue have uniformly concluded that driving is not a major life activity. *See, e.g., Hawkins v. Soc. Sec. Admin.*, 368 F. App'x 136, 140 (Fed. Cir. Mar. 5, 2010); *Winsley v. Cook Cty.*, 563 F.3d 598, 603 (7th Cir. 2009); *Kellogg v. Energy Safety Servs. Inc.*, 544 F.3d 1121, 1126 (10th Cir. 2008), *cert. denied*, 556 U.S. 1167 (2009); *see also Morey v. McDonald's Corp.*, No. 18 C 1137, 2020 WL 2542161, at *3 (N.D. Ill. May 19, 2020) ("[T]he [2008] ADAAA [] amended the list of activities expressly identified as major life activities and elected not to include driving among them, despite the fact that multiple Courts of Appeals had already held that driving was not a major life activity. . . . Furthermore, the EEOC's current ADA regulations do not list driving as a major life activity."). Plaintiff provides no reason for this Court to disagree.

Notably, driving is not the only activity Plaintiff claims his wrist injury impaired: he also claims that "[his] [driving] restriction impaired his ability to work." (ECF No. 1 at Pg. ID 2.) Indeed, "the inability to drive nevertheless could create a disability if it caused an impairment of a major life activity," such as

6

working. *Winsley*, 563 F.3d at 604; 42 U.S.C. § 12102(1)(A) (defining "disability" as "a physical . . . impairment that substantially limits one or more major life activities"); *see also Tinsley v. Caterpillar Fin. Servs., Corp.*, 766 F. App'x 337, 341(6th Cir. 2019) (noting "work" as a major life activity). "EEOC regulations explain that a plaintiff cannot claim a disability by simply '[d]emonstrating a substantial limitation in performing the unique aspects of a single specific job.'" *Booth v. Nissan N. Am., Inc.*, 927 F.3d 387, 394 (6th Cir.), *cert. denied*, 140 S. Ct. 454 (2019), *reh'g denied*, 140 S. Ct. 927 (2020) (quoting 29 C.F.R. § 1630, App. (2016)). Instead, an individual who asserts he is disabled because he cannot perform the major life activity of "working" must show that "the impairment substantially limits . . . [his] ability to perform a class of jobs or broad range of jobs in various classes." *Tinsley*, 766 F. App'x at 342 (first alternation in original) (quoting 29 C.F.R. § 1630 Appendix).

Here, Plaintiff does not include any such factual allegations in his Complaint. Plaintiff alleges that he was an excellent employee who could meet the demands of his job even after the wrist injury, with the exception that he could not drive for a short period of time. (*See* ECF No. 1 at Pg. ID 4.) When alleging that "a newly assigned supervisor . . . objected to the long standing practice" of allowing him to work from home, (*id.*), Plaintiff merely "point[s] to one job that he

7

[could not] perform," *Booth*, 927 F.3d at 394.  He does not allege that his condition precluded him from working in a class or broad range of jobs.

Nevertheless, Plaintiff's claim that he was "disabled" survives for the sole reason that he alleges that his wrist injury impaired his ability to perform "manual tasks."  (ECF No. 1 at Pg. ID 2); *see also* 42 U.S.C. § 12102(2)(A) ("[M]ajor life activities include, but are not limited to, . . . performing manual tasks . . . and working.").  Notably, "[t]he duration of an impairment is one factor that is relevant in determining whether the impairment substantially limits a major life activity.  Impairments that last only for a short period of time are typically not covered, although they may be covered if sufficiently severe."  29 C.F.R. Pt. § 1630, App. (July 18, 2016).  Accepting Plaintiff's factual allegations as true and construing all reasonable inferences in favor of Plaintiff, *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995), the Court finds that Plaintiff adequately alleges facts establishing a sufficiently severe impairment of his ability to perform manual tasks.[1]

---

[1] In its motion, Henry Ford Health points out that "[t]his Court relied on *Bush* in *Bent-Crumbley* . . . in holding that plaintiff's ankle/foot sprain which caused her to miss work for a month was a temporary, short-term, and non-severe condition that did not satisfy the definition of a disability."  (ECF No. 14 at Pg. ID 54 n.1.)  These cases are distinguishable.  As an initial matter, both cases were before the court on motions for summary judgment.  As this is a motion to dismiss, the burden on Plaintiff is to allege any set of facts that could support his claim.  Moreover, in *Bush v. Donahoe*, the court noted that "there is no evidence in the summary judgment record that Bush received any other treatment or had any restrictions as to walking or 'other daily activities' while wearing the boot."  964 F. Supp. 2d 401, 420 (W.D. Pa. 2013).  And in *Bent-Crumbley v. Brennan*, the Court noted that

### *(ii) Did Henry Ford Health Regard Plaintiff as Having a Physical Impairment That Substantially Limited One or More Major Life Activities?*

An individual could be considered disabled under the ADA if his employer "regarded [him] as" having "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A), (C). Henry Ford Health argues that "courts have held that temporary, short-term, non-severe injuries do not satisfy the definition of disability." (ECF No. 14 at Pg. ID 53.)

In *White v. Interstate Distributor Company*, the Sixth Circuit explained that "no matter what White may be able to prove about how Interstate perceived his physical condition, White cannot establish a 'regarded as disabled' claim with his impairments because the ADA explicitly states that the 'regarded as' definition 'shall not apply to impairments that are transitory and minor. A transitory impairment is an impairment with an actual or expected duration of 6 months or less.'" 438 F. App'x 415, 420 (6th Cir. 2011) (quoting 42 U.S.C. § 12102(3)(B)). The *White* court concluded that "[t]here is no question that White's impairments are transitory, as his doctor expected his restrictions to be in effect for only a

---

"Plaintiff does not show that she had *any* limitations due to her injury or sprain after she returned from leave." No. CV 17-11767, 2019 WL 861116, at *8 (E.D. Mich. Feb. 22, 2019), *aff'd*, 799 F. App'x 342 (6th Cir. 2020) (emphasis in original). Here, unlike in *Bush* and *Bent-Crumbley*, Plaintiff alleged that he could not perform "manual tasks"—a major life activity—due to his wrist injury.

9

month or two.  White's 'regarded as disabled' argument fails as a matter of law." *Id.*

This case is no different.  Plaintiff alleges that "[t]he accommodations requested by Plaintiff and his physician was the ability to work a short time period from home."  (ECF No. 1 at Pg. ID 4.)  According to the doctor's note, this "short time period" was three weeks.  (ECF No. 19 at Pg. ID 110.)  Regardless of Henry Ford Health's perception of Plaintiff's alleged physical impairment, Plaintiff fails to allege that the impairment had an actual or expected duration of longer than six months.

The Court also notes that Plaintiff "paints an inconsistent picture by 'both asserting that his employer was dismissive of his alleged disability and that he was so affected by it that his employer regarded him as disabled.'"  *Neely v. Benchmark Family Servs.*, 640 F. App'x 429, 436 (6th Cir. 2016) (citation omitted); (*see also* Def.'s Reply, ECF No. 19 at Pg. ID 108 ("Plaintiff also argues that Defendant regarded Plaintiff as disabled.  It is obvious from the face of the complaint that Defendant refused to allow Plaintiff to work from home because Defendant did *not* consider Plaintiff disabled under either law."))

### (B) Is Plaintiff Otherwise Qualified?

"An ADA plaintiff is 'otherwise qualified' if he is disabled but nonetheless, 'with or without reasonable accommodation, can perform the essential functions of

the employment position [he] holds or desires.'" *Kiphart v. Saturn Corp.*, 251 F.3d 573, 584 (6th Cir. 2001) (alteration in original) (quoting 42 U.S.C. § 12111(8)). "A job function is essential if its removal would 'fundamentally alter' the position." *Id.* (quoting 29 C.F.R. § 1630.2(n) app. at 356). "[T]he determination of whether a given function is 'essential' within the meaning of the ADA . . . is typically a question of fact for the jury . . . ." *Brickers v. Cleveland Bd. of Educ.*, 145 F.3d 846, 849 (6th Cir. 1998) (citation omitted).

Defendant argues that, "[b]ecause regular, in-person attendance constitutes an essential function of *most jobs*, an employee who cannot meet a job's attendance requirements *usually* cannot establish qualified individual status under the ADA." (ECF No. 14 at Pg. ID 56 (emphases added).) Notably however, Defendant does not contend that regular, in-person attendance was an essential function of *Plaintiff's* job. Thus, the Court need not address whether Plaintiff was "otherwise qualified" and denies Henry Ford Health's Motion to Dismiss as to Plaintiff's disability discrimination claim.

## **<u>Intentional Infliction of Emotional Distress</u>**

To establish an IIED claim under Michigan law, "a plaintiff must show (1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4)

severe emotional distress." *Lewis v. LeGrow*, 670 N.W.2d 675, 689 (Mich. Ct. App. 2003) (internal quotation marks and citations omitted).

In its motion, Henry Ford Health argues that "Plaintiff alleges no facts of outrageous conduct" and points out that "run-of-the-mill claims of unemployment discrimination do not constitute outrageous conduct sufficient to state a claim of IIED." (ECF No. 14 at Pg. ID 56 (citing cases).)  Because "Plaintiff did not refute th[ese] argument[s] in his response brief, [] these arguments are deemed conceded and waived." *Boone v. Heyns*, No. 12-14098, 2017 WL 3977524, at *5 (E.D. Mich. Sept. 11, 2017); *see also McPherson v. Kelsey*, 125 F. 3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").  The Court, therefore, dismisses Plaintiff's IIED claim.

## CONCLUSION

Though Plaintiff has waived his IIED claim, his disability discrimination claim survives for the reasons discussed above.

Accordingly,

**IT IS ORDERED** that Henry Ford Health's Motion to Dismiss (ECF No. 14) is **GRANTED IN PART AND DENIED IN PART**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: July 27, 2020